Stephenson, J.
 

 With the propriety or impropriety of this proposed improvement, this court has nothing to do. This question was determined by the voters of the city of Columbus at the November, 1931, election. The sole question presented to this court is whether or not at the present time it is sufficiently averred by the pleadings herein that the committee on finance of the city council of the city of Columbus owes a legal duty to the city to proceed to sell the notes heretofore issued by it at private sale, or, after legal advertise
 
 *168
 
 ment, to the highest bidder, and to cover the proceeds into the proper fund, and whether or not the director of public service owes a legal duty to the city to advertise for bids for the construction of the proposed improvement and to make and execute a contract therefor with the lowest and best bidder.
 

 This being a case in which the court has original jurisdiction, the facts must be considered in order to determine whether or not the procedure as outlined by the city charter or the general law of the state should have been followed, and whether or not the proposed referendum to the resolution to proceed with the improvement should have been submitted to a vote of the people.
 

 Defendants admit the allegations of plaintiff’s petition, and plaintiff for the purposes of this demurrer admits all of defendants’ well-pleaded facts.
 

 The questions presented will be considered in their inverse order.
 

 When a city council contemplates an improvement, the introductory legislation is the passage of a resolution of necessity. Defendants insist that the city charter makes ample provision for the initiative and referendum on resolutions. A careful examination of the city charter does not sustain this contention. Sections 36 to 47, inclusive, contain all the provisions relative to the initiative, and Sections 49 to 52, inclusive, are the referendum sections.
 

 All of these sections are specific. They deal with ordinances and not resolutions. Defendants insist that the word “ordinance”'as
 
 used
 
 in the charter is generic and includes “resolution.” If such were the legislative intent we would have to so
 
 hold;
 
 but giving to this charter the most liberal construction, considering context, subject-matter, and the reason for the law, we fail to find such legislative intent. Rather we find the converse. Resolutions seem to have been studiously avoided. There is a vast difference between an ordi
 
 *169
 
 nance and a resolution, and we must assume that the lawmaking body of the city must have had this difference in mind when the city charter was adopted.
 

 Counsel on both sides insist that the doctrine of
 
 “Ex-prés sio unius est exclusio altering”
 
 applies in this case, and this court is in complete accord with that contention. Ordinance is expressed; resolution is not; consequently, because of the marked legal distinction between them, we must conclude that by expressing ordinances, resolutions were excluded, and that neither the initiative nor referendum as provided for in the charter applies.
 

 The charter being silent, those interested certainly had the right to proceed under the general law of the state that saved to the people their right of initiative and referendum. And they were not driven to Sections 4 and 5 of Article XVIII of the Constitution, as those provisions relate solely to the acquirement of a public utility by the municipality.
 
 State, ex rel. Diehl,
 
 v.
 
 Abele,
 
 119 Ohio St., 210, 162 N. E., 807.
 

 The city did proceed under Sections 4227-1 to 4227-13, General Code.
 

 The resolution of necessity was presented by initiative petition, was voted upon, approved and adopted. This was surely “the first measure” as provided for in Section 4227-3, General Code. Subsequently the ordinance to proceed with the improvement was passed. Within thirty days thereafter a referendum petition was filed, asking that such ordinance be repealed or submitted to a popular vote. Can this referendum petition be given legal countenance in the face of the original initiative petition? We think not.
 

 If the city in such proceeding was seeking to acquire a public utility, we would say, “Yes, it can.”
 

 The people have expressed themselves once, and such expression was in consonance with the general law as interpreted by Judge Donahue in the second and third paragraphs of the syllabus in the case of
 
 Heffner, a
 
 
 *170
 

 Taxpayer,
 
 v.
 
 Krinn,
 
 98 Ohio St., 1, 120 N. E., 221. To permit another expression by the people would be farcical in the extreme.
 

 We may say, in passing, that if the city charter contained the same provision with reference to resolutions as is therein applied to ordinances, the city could not proceed either way it chose in the matter of street improvements, that is to say, under the charter or the general law. It would have to follow the charter. And this is true regardless of Section 232 of the city charter, which reads as follows: “All general laws of the state applicable to municipal corporationjs, now or hereafter enacted, and which are not in conflict with the provisions of this charter, or with ordinances or resolutions hereafter enacted by the city council, shall be applicable to this city; provided, however., that nothing contained in this charter shall be construed as limiting the power of the city council to enact any ordinance or resolution not in conflict with the constitution of the state or with the express provisions of this charter.”
 

 And this is true for the reason that the city charter is in unquestionable conflict with the general law on the question of the referendum, as regards street improvements. And that is not all. It would run counter to Section 4227-12, General Code of Ohio, which reads as follows: “The provisions of Sections 4227-1 to 4227-13 inclusive shall not apply to any municipality that has or may hereafter adopt its own charter which contains an initiative and referendum provision for its own ordinances and other legislative measures.”
 

 For the reason that we can not read into the city charter of the. city of Columbus the word “resolution” when it is not there, and in the place it should, occupy, the demurrer to the answer will be sustained.
 

 Demurrer sustained and writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.