### STATE ex BARSTOW v SUMMIT COUNTY COMMISSIONERS

Ohio Appeals, 9th Dist, Summit Co

No 2329. Decided June 28, 1933

W. A. Spencer, Akron, and J. P. Riddle, Akron, for plaintiff.

Ray B. Watters, Prosecuting Atty., Akron, and C. B. MacDonald, Asst. Pros. Atty., Akron, for defendant.

POLLOCK, J (7th Dist, sitting by designation in place of WASHBURN, PJ).

### OPINION

By POLLOCK, J.

It will be seen by the allegations of the petition and answer, and also by the evi-

dence introduced, that the claim against the commissioners of the county, upon the part of the relator, grows out of a contract relation between these parties, the relator claiming a contract had been made by the commissioners with him for the work set out in his petition, and the commissioners denying such a contract and denying their legal obligation under such a contract.

The first question to be determined in this case is, Does it appear that the plaintiff has a right to a writ of mandamus in this case? If he has not, this court has no jurisdiction of the action.

**Sec 12083 GC** defines mandamus, and reads as follows:

"Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

**Sec 12285 GC** provides that judicial discretion cannot be controlled by mandamus, and the section reads as follows:

"The writ may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

It will be readily seen, from the reading of these two sections, that mandamus can only require the performance of an act, by the defendant, which the law specifically enjoins as a duty resulting from the office, and that the judicial discretion of the defendant cannot be controlled by an action in mandamus.

The question whether contract rights against the commissioners can be enforced by an action in mandamus, was before the Supreme Court of this state quite early.

"Believing that the commissioners possess the powers of individuals, we enforce contracts against them in the same manner. The execution of this agreement is not an official duty created by law, and therefore properly the subject of a mandamus; but the right springs from contract, to enforce which an appeal may be properly made to our general chancery powers."

**Widow, etc., of Reynolds, dec'd v Commrs. of Stark County, 5 Ohio 204, at pages 207-208.**

The same question was again before the Supreme Court of this state in the case of **State ex v Zanesville and Maysville Turn-** pike **Co., 16 Oh St 308,** where the court, at page 318, said:

"But we do decide, that purely contract obligations, involving no trust, can not be enforced by mandamus. If we were to hold otherwise, we would make the writ of mandamus a substitute for a decree in equity, and thus usurp an original jurisdiction which the constitution of the state has withheld from this court."

The same principle was announced by the Supreme Court in the cases of **State ex v Board of County Commrs., 26 Oh St 364,** and **City of Mt. Vernon v State ex, 71 Oh St 428.** See also, 30 C.J., "Mandamus," page 588, §61.

It will be seen from these citations that purely contract relations between officers and individuals who claim to have contract relations, cannot be determined by an action in mandamus. The county is a political subdivision of the state, and the board of county commissioners is the official body through which the county can sue and be sued, the same as individuals or corporations, whether domestic or political.

The action of plaintiff grows out of a contract which relator alleges he had with the commissioners, and which the commissioners deny by answer. His only remedy is an action in law and not an action in mandamus.

It is urged that as the relator was employed as sanitary engineer, he can force payment by the writ of mandamus.

The action is not to collect his salary as such engineer; relator testified that his salary had been paid. Nor is the action to collect for work that relator was required to do under his appointment as sanitary engineer, or his salary would cover it. Relator's claim is that it was an employment to do work not covered by his employment as sanitary engineer. Relator then had no greater legal rights than any other person employed by the commissioners to do work for the county.

This court having no jurisdiction over the subject-matter, the other questions presented in the case should not and cannot be disposed of by this court. The action is dismissed at relator's costs. Exceptions noted.

FUNK and STEVENS, JJ, concur in judgment.