## STATE ex GRACE v LOCKLAND CITY BOARD OF EDUCATION et

Ohio Common Pleas, Hamilton Co

Decided Sept 20, 1937

Joseph H. Fulton, Cincinnati, for plaintiff.

Charles H. Elston, Cincinnati, for defendants.

### OPINION

By ALFRED MACK, J.

Relator as parent and next friend of her daughter, Vera Grace, seeks a peremptory writ of mandamus against Lockland City Board of Education, its officers and members, the superintendent of Lockland City Schools, and the principal of Lockland City High School, to compel them to enroll said Vera Grace as a pupil in the ninth grade of the Lockland High School.

It is alleged that said girl graduated from

the Wayne Avenue Elementary School of Lockland in June, 1937, with a diploma certifying that she had completed the eighth grade and was eligible to enroll in the high school. It is alleged that defendants wrongly refused said girl admission to the Lockland High School "solely and specifically because the relator was a member of the colored race." It is further alleged that defendants have refused "to do their legal duty in providing adequate educational facilities for the relator in Lockland City High School as they are required by law."

Defendants by answer admit the graduation of Vera Grace, with a diploma certifying that she had completed the eighth grade work in Lockland City Schools as alleged; that she applied for admission to the ninth grade, but deny that she has been refused the right to enroll in the ninth grade; specifically deny Vera Grace has been refused admission because she is a member of the colored race; allege that they have provided adequate educational facilities as required by law; and say that the ninth grade in which said Vera Grace is entitled to enroll is conducted within a district of the city of Lockland and that all persons eligible for admission therein are admitted regardless of race.

At the hearing and upon the completion of evidence introduced by the relator, defendant moved for a dismissal of the petition, and after argument said motion was submitted to the court.

Following are the facts established by the evidence and deemed essential to the determination of said motion:

Colored people of Lockland live mostly in the western and northern parts thereof, while white inhabitants live in the other portions of said city. In the western portion of such city is the Wayne School, open to all children regardless of race or color, and having all the elementary classes, including the eighth grade. In 1935 a total of 372 pupils attended such Wayne School. In 1936 the number was reduced to 298. The number in 1937 is 227.

Lockland High School situated in the eastern part of Lockland and about three quarters of a mile from the Wayne School, is both an elementary and a high school. In 1935 it had 348 enrolled in the elementary department and 297 in the high school department, of which ninety were in the ninth grade. In 1936 there were ninety-one enrolled in the ninth grade of Lockland High School. In 1937 so far eighty-eight pupils have enrolled in the ninth grade.

Prior to September, 1936, a petition was circulated to secure an additional high school for Lockland, the petition stating among other matters, "we also suggest that the colored people of the valley and vicinity who have completed standard schools and colleges be given the preferences in new employment." Relator, Grace Grace, who resides at 1410 North Wayne Avenue, was one of the signers of this petition. As a result of this petition an election was had for the purpose of authorizing a bond issue to complete an addition to the Wayne School building with the proceeds of such issue and an additional $45,000 from the federal government. The election resulted in authorizing the bond issue and plans have been drawn for an addition to such Wayne School for the purpose of having high school students therein and providing an auditorium, a gymnasium, etc. In the two precincts in which the colored people of Lockland reside the vote in one precinct was eighty-two in favor and three against the bond issue, and in the other precinct seventy-three in favor and none against the bond issue. The total vote was 599 in favor of the bond issue and 106 against the same.

In anticipation of the erection and completion of such addition to the Wayne School for the purpose of housing high school pupils, the board of education on September 3, 1937, passed a resolution providing that all students who had completed the eighth grade in the Wayne School should attend the Wayne School for their education in the ninth grade, or first grade of high school work. Competent teachers were selected and all the necessary facilities provided for giving to such pupils in the district of Wayne School **exactly the same course of education as is provided** for those attending the ninth grade, or first year of high school, in the Lockland High School. In the Lockland High School both white and colored children attend both the elementary and high school classes. A son of the relator, Grace Grace, is a student in one of the upper grades of said Lockland High School. There is no restriction whatever against admission to the Lockland High School in either its elementary or high school departments on account of race or color. So far only three boys and one girl have applied for admission to the ninth grade so established as aforesaid at the Wayne School. Vera

Grace was directed to enroll at such school in such ninth grade.

In addition to the foregoing facts the following should be noted:

About forty pupils graduated from the eighth grade of Wayne School June, 1937, and some thirty-seven of them it is claimed desire to now enter the ninth grade.

Counsel for relator was insistent upon granting of the writ immediately on the filing of the petition, claiming that unless such course were pursued Wayne School students desiring to enter the ninth grade would be prevented receiving education pending the hearing and determination of this case. Although the court suggested that temporarily they attend the Wayne School high school courses, nevertheless neither Vera Grace nor any of the forty graduates, except the four above stated, are students at said school. In the interval between the hearing of this case the court has received propaganda in favor of this action in the form of a copy of the Lockland Triangle, dated September 11, 1937, the sender being anonymous.

From the foregoing facts the conclusion is irresistible that plaintiff has utterly failed to establish that Vera Grace has been refused admission to the ninth grade, or the first year high school course, in the schools of Lockland because she is a member of the colored race. Upon the contrary, it is clearly established that no member of the colored race is refused education in the ninth grade of Lockland schools. Plaintiff has also utterly failed to establish that defendants have refused to provide adequate educational facilities for teaching relator the courses of the ninth grade of Lockland schools. Upon the contrary, both adequate facilities and competent teachers have been provided for the attendance of al' students who reside in the district of the Wayne School, and who, having completed their eighth grade course therein, desire to now enter the ninth grade class.

In this state the rules with reference to the granting of a writ of mandamus are clearly established both by statute and declarations of the Supreme and Appellate Courts.

Sec 12283 GC defines mandamus as a writ "commanding the performance of an act which the law specially enjoins as a duty."

In State ex Coen v Industrial Commission, 126 Oh St 555, the rule is announced that a writ of mandamus will issue only when a clear right thereto appears and that it will not lie to control the discretion confided to an officer, commission or inferior tribunal.

In Sergeant v McSweeney, 126 Oh St 623, at 624, the court says:

"It is elementary that a writ of mandamus will be issued only where it appears that the applicant has a clear legal right thereto, and that the official act which he seeks to compel is one 'which the law specially enjoins as a duty'."

In the recent case of State ex v Industrial Commission, 130 Oh St 77, 3 O.O. 115, it is again repeated in the syllabus that

"Mandamus is an extraordinary writ and will not lie unless the claimant can establish a clear legal right thereto."

State ex Wright v Board of Education of Cincinnati et, (25 Abs —), case · No. 5185 of our Court of Appeals, decided June 21, 1937, in principle is controlling. There a graduate of Woodlawn School (Woodlawn having no high school) desired to attend Withrow High School. The board of education refused to grant the application. While the statute gave the student the right to select the high school, under the circumstances of that case, nevertheless the statute did not provide that the board of education must grant the application of the student and accede to the choice of high school. Inasmuch as it was not shown that the refusal of the board of education was not predicated upon sound administrative discretion, the writ of mandamus was refused.

In instant case §7684, GC, governs. It provides:

"Boards of Education may make such an assignment of the youth of their respective districts to the schools established by them as in their opinion best will promote the interests of education in their districts."

While all students, irrespective of creed, race or color, are entitled to the same courses of education and facilities in the public schools of this state, nevertheless under the broad provisions of said section of the General Code boards of education are vested with the right in their discretion to create districts, or assign students to such school buildings as in the discretion of the board will best facilitate the work of educating children within the boundaries of their school districts.

Attorney General Bettman recognized

this rule in his opinion to Director of Public Education found in Vol. 3, Opinions of Attorney General, 1931, 1495.

As in the Wright case, supra, the relator in instant case seeks to select the particular school building at which it is desired to pursue studies of the ninth grade, irrespective of the designation made in its discretion by the board of education of the city of Lockland.

Any construction of §7684 GC which deprives the board of education of power to control the enrollment of pupils obviously would result in some schoolhouses being practically abandoned and others crowded beyond capacity. Necessarily, if the board of education is to function efficiently, in our opinion, as well as under the express language of §7684, GC it must be accorded the power of designating the school buildings in which the various classes of pupils are to be instructed and the grades to be taught in the various school buildings.

From the foregoing it follows that in the opinion of the court the motion to dismiss the petition herein should be granted, and an entry will be made accordingly.