Gorman, J.
 

 The claim is made that this action, being filed on January 6, 1938, was prematurely instituted because at that time Council of the city of Massillon had not definitely rejected Ordinance No. 3824 which proposed the referendum election upon Ordinance No. 3812. The court might entertain serious doubts as to the propriety of the action at the time it was filed were it not for the admissions contained in the answer filed by the city solicitor on behalf of the council. Contained therein we find this statement:
 

 “Respondents admit that thereafter, upon the dates alleged in the petition, that these respondents were qualified as councilmen; that Ordinance No. 3824 was introduced to council at the first regular meeting thereof but that council refused to suspend the rules
 
 *118
 
 requiring three separate readings thereon and refused to take any further action thereon
 
 because of the legal insufficiency of said referendum petitions.”
 
 (Italics ours.)
 

 By reason of such an admission we are confronted with but one question: Was the referendum petition, filed with the mayor and approved as to sufficiency in number by council on December 29, 1937, legally sufficient to compel the council to submit the provisions of Ordinance No. 3812 to a vote of the people? If it was, the writ should be granted. If it was not, the writ should be denied.
 

 Ordinance No. 3812 is one which provides for the purchase of electric current, a public utility product. As such, it is subject to the reférendum provisions of Section 5 of Article XVIII of the Ohio Constitution.
 
 Ohio River Power Co.
 
 v.
 
 City of Steubenville,
 
 99 Ohio St., 421, 124 N. E., 246.
 

 It is claimed by respondents that referendum provisions relating to ordinances for products of public utilities are subject to Section 8 of Article XVIII of the Ohio Constitution, which provides the manner in which a municipal charter may be adopted. We have held that petitions in the nature of an‘initiative, not a referendum, to amend a municipal charter should comply with the statutory provisions contained in Sections 4227-1
 
 et seq.,
 
 General Code, if not inconsistent with the provisions of the Constitution.
 
 State, ex rel. Poor,
 
 v.
 
 Addison et al., Council,
 
 132 Ohio St., 477, 9 N. E. (2d), 148.
 

 By analogous reasoning, respondents contend that the referendum provisions contained in these statutes supplement the constitutional provisions and are applicable in the case of a referendum on an ordinance fixing utility rates.
 

 Such reasoning loses sight of the express wording of the Constitution which definitely makes a distinc
 
 *119
 
 tion between municipal charters and public utility contracts.
 

 The provisions of Sections 4 and 5 of Article XVIII specifically state that a referendum petition on a utility ordinance shall be filed with the executive authority by ten per centum of the electors within thirty days after the passage of the ordinance. Following the case of
 
 Ohio River Power Co.
 
 v.
 
 City of Steubenville, supra,
 
 this court held that these provisions were self-executing and controlling over any contained in the' statutes. See
 
 State, ex rel. City of Toledo,
 
 v.
 
 Weiler,
 
 101 Ohio St., 123, 128 N. E., 88;
 
 Link
 
 v.
 
 Public Utilities Commission,
 
 102 Ohio St., 336, 338, 131 N. E., 796;
 
 State, ex rel. Sweeney,
 
 v.
 
 Michell et al., Council,
 
 128 Ohio St., 266, 191 N. E., 98;
 
 State, ex rel. Reeves,
 
 v.
 
 Hillyer, Aud.,
 
 128 Ohio St., 294, 191 N. E., 2.
 

 In the very recent case of
 
 State, ex rel. Mitchell,
 
 v.
 
 Council of Village of Milan,
 
 133 Ohio St., 499, the court held that Section 5 of Article XVIII was self-executing and required no assistance of any statute to give it effect and operation. Its provisions governed to the exclusion of those contained in Section 4227-2
 
 et seq,
 
 General Code.
 

 This was directly in accord with the view that no legislative act can in any wise modify or restrict the power conferred by constitutional provision.
 

 It is said, however, that Section 1/ of Article II gave power to municipalities to adopt supplementary legislation. That section referred only to those questions “which such municipalities may now or hereafter be authorized by law to control by legislative action.”
 

 The powers of municipalities in reference to public utilities contained in Section 4 of Article XVIII of the Ohio Constitution, were granted expressly in 1912. Therefore, the power of referendum over utility products contracts had to be and was granted expressly under Section 5 of Article XVIII, which provisions of necessity became self-executing. See
 
 State,
 
 
 *120
 

 ex rel. Didelius, City Solicitor,
 
 v.
 
 City Commission of City of Sandusky,
 
 131 Ohio St., 356, 362, 363, 2 N. E. (2d), 862.
 

 The contention of respondent, however, cannot be upheld for another reason. Section 5 of Article XVIII merely provides that
 
 “the submission
 
 of any such question shall be governed by all the provisions of Section 8 of this Article as to the submission of the question of choosing a charter commission.” (Italics ours.) Section 8 would be controlling in reference to the mandatory necessity of adopting an ordinance fixing the time and place of an election, the mailing of notices, the form of ballot used, and the like, after a valid petition has been filed. The provisions of Section 8 would not be controlling in reference to the sufficiency of the petition except by a strained construction of the term “submission” of the question.
 

 In accordance with past decisions, .the court holds that while the statutory provisions relating to the referenda apply to the adoption of municipal charters, where not inconsistent with the Constitution, nevertheless such laws are not applicable to a referendum upon an ordinance providing for a contract for the product of a public utility since Sections 4 and 5 of Article XVIII are exclusive and self-executing. Section 8 of that Article controls only in regard to the submission of the question and not to the sufficiency of referendum petitions. This distinction was aptly pointed out in
 
 James
 
 v.
 
 Ketterer,
 
 125 Ohio St., 165, 180 N. E., 704.
 

 Nowhere in the Constitution do we find any provision for the verification of petitions by circulators in the case of a referendum such as is now before the court. Since the constitutional provisions are exclusive and self-executing, we conclude none is required.
 

 Council having passed on the sufficiency of the number of signers of the petition as required by the Constitution (See
 
 State, ex rel. Hinchliffe,
 
 v.
 
 Gibbons et
 
 
 *121
 

 al., Council,
 
 116 Ohio St., 390, 156 N. E., 455;
 
 State, ex rel. Waltz,
 
 v.
 
 Michell,
 
 124 Ohio St., 161, 177 N. E., 214), the claim that there was an improper verification must he rejected. No legal obstacle confronted council to prevent the adoption of Ordinance No. 3824, and its refusal to adopt legislation providing for a referendum after the petition was found to be sufficient was without legal sanction. The writ of mandamus ordering Council of the city of Massillon to adopt an ordinance providing for a referendum election upon the provisions of Ordinance No. 3812 is hereby granted.
 

 Writ allowed.
 

 Weygandt, C. J., Matthias, Day and Williams, JJ., concur.