Matthias, J.
 

 It has heretofore been determined by this court that ordinance 2237 enacted by the city • commission of Middletown was valid, but subject to
 
 *372
 
 referendum in accordance with Section 5, Article XVIII of the Constitution.
 
 City of Middletown
 
 v.
 
 City Commission of Middletown,
 
 138 Ohio St., 596, 37 N. E. (2d), 609. That case had been instituted in the Court of Common Pleas of Butler county December 2, 1938. It reached this court from the Court of Appeals by a motion to certify May 18,' 1940, and, the case having been admitted, decision thereof by this court was announced November 12, 1941.
 

 The instant case, wherein a writ of mandamus is sought to compel the city commission to refer that ordinance to the electors of the city for their approval or rejection was filed in this court June 24, 1940, but issue was not made by answer of the city commission until February 24, 1942. In the former action, further procedure under the ordinance was enjoined until it might be determined whether proceedings for a referendum thereof had been duly and legally instituted and, if so found, then any further procedure must await a favorable vote thereon.
 

 The chief question, therefore, presented by the issues in this case is whether the referendum petition was filed in compliance with the constitutional provisions governing such procedure. Upon the question of the sufficiency of the petition as to signatures and as to the number thereof, it need only be stated that it is conceded that “said petition actually contained the signatures of more than ten per cent of the electors of the city of Middletown.”
 

 It is conceded that on December 15, 1938, which was within thirty days after the passage of the ordinance in question, a referendum petition requesting the repeal of ordinance 2237 and also requesting the submission of the ordinance to a referendum was filed with the clerk of the city commission. The petition was addressed to the city commission, and the letter of the committee designated to act for the petitioners, which
 
 *373
 
 accompanied the petition, was likewise addressed to the city commission. A receipt therefor was given by the clerk which stated: ‘ ‘ Original of letter and petitions filed this 15th day of December 1938.”
 

 The seal of the city of Middletown accompanied the signature of the clerk. The commission was not then in session. It had been in session the preceding day and did not again convene until December 22, which was more than 30 days subsequent to the enactment of the ordinance. The petition and communication of the committee of the petitioners were presented to the commission at that meeting. It is contended that such petition was not filed with “the executive authority” of the municipality and that consequently there was a failure to comply with the requirements of the Constitution in that respect, which relieved, if it did not preclude, the commission from taking any action looking to the submission of the ordinance in question to a referendum vote.
 

 It is contended by the respondents that the city commission constitutes the executive authority of the city and they go so far as to claim that the referendum petition “could have been given to the chairman of the commission, the executive head of the city government, or at least with one or more of the other members of the commission, either at home or at their places of business.”
 

 Under the provisions of the city charter of Middle-town, all municipal power is vested in the city commission and is to be exercised “by said city commission and the several members thereof, or under their direction. ’ ’
 

 The charter also authorizes the city commission to select a chairman who is to perform the various functions enumerated and ‘ ‘shall for the time being be the executive head of the city.”
 

 This does not constitute the chairman “the executive
 
 *374
 
 .■authority” of the city. Indeed, it is not claimed by respondents that the chairman is “the executive authority,” for they argue that it would have been sufficient to give the petition to any member of the commission.
 

 The charter also directs that the city commission •“shall choose a clerk who shall keep the records of the ■city commission, and perform such other duties as may be required by ordinance or resolution.”
 

 It is quite apparent that the clerk was in charge of ■the records and in possession of the city seal. It would have been impossible to present the petition to the city commissioners in a body, for they were not in .session until a date following the expiration of the prescribed 30 days within which the referendum petition must be filed. As previously indicated, the letter ■of transmission accompanying the petition, as well as the petition itself, was addressed to the commission; a receipt therefor with the city seal attached was issued ■by the clerk, and he therefore accepted and receipted for such petition for and in behalf of the commission to which such petition was duly transmitted. The acts of the clerk in such respect were approved and ■confirmed by the commission by acting thereon and pursuant thereto without question or objection.
 

 The decision of this court in the case of
 
 State, ex rel. Tietje, a Taxpayer,
 
 v.
 
 Collett, Mayor,
 
 138 Ohio St., 425, 35 N. E. (2d), 568, is not controlling in this case for the reason that the question of the status of the clerk, as there held, was determined by the provisions •of Section 4248, General Code, which specifically includes the clerk with those in whom “the executive power and authority of villages shall be vested.” However, the following language of the opinion is •quite pertinent here:
 

 “The foregoing statutory duties of the village clerk reinforce and justify the common belief that the village ■clerk is the logical official with whom to file important
 
 *375
 
 papers, and the natural conduit of information from the people to the officers and legislative officials of village government. His records are open to public inspection (Section 4280, G-eneral Code), an attribute of his office which makes logical the filing with him of a paper, such as the present referendum petition, in which other citizens are bound to take an interest.
 

 “The obvious purpose of the constitutional referendum procedure in requiring a filing with ‘the executive authority’ is to insure the transmission of the petition to the legislative branch of village government — the council — whose duty under the Constitution it is to act upon the petition, and also to notify the chief administrative officials of the existence of a petition which, if proper, will delay their enforcement of the ordinance upon which the referendum is requested.”
 

 It is only a common-sense interpretation of the provision prescribing the method of initiating a referendum proceeding that a filing of such petition with the chosen clerk of the city commission, under the circumstances related, be construed to be a filing with the commission itself. The provisions of the Constitution authorizing a referendum should be so construed as to permit rather than preclude the exercise of the right conferred. The object clearly sought to be attained should be promoted rather than prevented or obstructed.
 

 It has been urged that, by reason of the long period of time that has elapsed since the ordinance in question was enacted, and because of a material change in conditions, it may now be deemed inadvisable or inexpedient, if not practically impossible, to proceed with the project involved in this action, and that a writ of mandamus should not now be awarded requiring the submission of the ordinance to a referendum. That it is within the power of the city commission to repeal the legislation relating to the proposed project and thus fully and completely abandon the same has been here
 
 *376
 
 tofore determined by this court in tbe case of
 
 City of Wapakoneta
 
 v.
 
 Helpling, Mayor,
 
 135 Ohio St., 98, 19 N. E. (2d), 772.
 

 The charter of the city of Middletown contains a provision that, upon presentation to the commission of a petition signed by ten per cent of the number of registered voters of the city within 30 days following the passage of an ordinance requesting “the repeal of the ordinance and its submission to a referendum
 
 * *
 
 * such ordinance shall thereupon be suspended from going into operation, and it shall be the duty of the city commission to reconsider such ordinance.” It has not done so.
 

 The charter further provides that if, upon reconsideration, such ordinance is not repealed, the commission shall submit the ordinance to the electors of the city at a regular or special election. It is our opinion that these provisions of the charter are not inconsistent with the provisions of the Constitution and that both may be given effect.
 

 In view of the persistent and protracted litigation to which reference has heretofore been made, we cannot construe the failure of the city commission to submit the ordinance to a referendum as an abandonment of the project, nor can such delay be permitted to thwart or circumvent the proceeding for referendum. Under the provisions of the city charter, it is the duty of the city commission to reconsider the ordinance. Upon such reconsideration, it is within its discretion to repeal such ordinance and abandon the project or submit it to the electors of the city. The court cannot control its discretion, but can require it to act — either to reconsider and repeal or go forward and provide for a referendum election.
 
 State, ex rel. Masters,
 
 v.
 
 Beamer et al., Bd. of Edn. of Carroll County,
 
 109 Ohio St., 133, 141 N. E., 851. This court held, as stated in the syllabus in that case, that “Mandamus does not lie to compel a board of education to perform any specific one of
 
 *377
 
 several optional duties imposed by statute, but mandamus does lie to compel a board of education to perform one or another of several optional duties.”
 

 It is our conclusion, therefore, that a writ of mandamus should issue requiring that, if upon reconsideration the ordinance in question is not repealed by the city commission, then the commission shall proceed to-submit the same to the electors of the city at a special, election to be called within a period of 120 days.
 

 Writ allowed.
 

 Weygandt, C. J., Turner, Williams, Hart and. Zimmerman, JJ., concur.