THE STATE, EX REL. PATRICK, JR., APPELLEE, *v.*
BALDINE ET AL., APPELLANTS.

(No. 1249—Decided March 7, 1951.)

Mr. *Reed Battin,* for appellee.
Mr. *Leo Luchette,* village solicitor, for appellants.

PHILLIPS, P. J.   On July 7, 1950, respondent Baldine, Mayor of the village of Hubbard, orally suspended relator, an appointed member of its police department, for 30 days commencing July 10, 1950, without lodging any written or oral charge against him.

On July 15, 1950, respondent wrote relator as follows:

"Joseph G. Patrick, Jr.
"27 W. Park Avenue
"Hubbard, Ohio

"Dear Mr. Patrick:

"Kindly be advised effective as of July 11, 1950, you are hereby being suspended thirty days for disciplin-

ary reasons. Also turn in your badges and other police credentials to Police Chief Earl Greer.

"Respectfully yours,

"Joseph J. Baldine
."Joseph J. Baldine, Mayor."

During the suspension relator requested but was refused a statement of charges against him. Whereupon he instituted an action in mandamus in the Court of Common Pleas, after due notification to respondents, seeking to compel respondent Baldine to return him to active duty or to file charges against him with the council of such village, the members of which he made parties respondent.

By alternative writ, issued on July 21, 1950, respondent Baldine was ordered by the trial judge to file written charges against relator forthwith. Respondent councilmen were ordered to set such charges for hearing at the next regular meeting of that body, which respondents did on August 7, 1950. As the result of the hearing relator was reinstated to duty by respondent councilmen.

Thereafter respondents appealed to this court on questions of law from the order of the Court of Common Pleas entered "on the 21st day of July, 1950, granting an alternative writ of mandamus against the respondents," and simultaneously applied for and were granted by a judge of this court a stay of the order of the Court of Common Pleas.

By assignments of error respondents contend that the trial judge erred to their prejudice "in using a writ of mandamus to control a discretionary power of the mayor and council of the village of Hubbard," and "in ruling that the mayor of the village has no power to temporarily suspend a village policeman."

Counsel for respondents contends that it is a long

established rule in Ohio that a writ of mandamus cannot be issued to compel the doing of a discretionary act, and cites as authority for that statement *McGannon* v. *State, ex rel. Dennis,* 27 C. D., 245, 23 C. C. (N. S.), 301; *State, ex rel.,* v. *Crites,* 48 Ohio St., 460, 28 N. E., 178; *State, ex rel. Grace,* v. *Lockland City Bd. of Edn.,* 25 Ohio Law Abs., 90, 1 Ohio Supp., 139; *State, ex rel. Barstow,* v. *Summit County Commrs.,* 15 Ohio Law Abs., 31; *Western Union Telegraph Co.* v. *Tax Commission,* 21 F. (2d), 355; *State, ex rel. City of Middletown,* v. *City Commission,* 140 Ohio St., 368, 44 N. E. (2d), 459. There is no question concerning this contention. Respondents argue that since disciplinary action against relator is obviously a discretionary act of respondent Baldine, neither the court nor relator could order him to prefer charges against relator nor grant a hearing on his suspension, and that express provision for immediate suspension of relator, a village police officer, is made solely in Section 4262, General Code.

This section of the Code provides:

"The mayor shall supervise the conduct of all officers of the corporation, inquire into and examine the grounds of all reasonable complaints against any of them, and cause all their violations or neglect of duty to be promptly punished or reported to the proper authority for correction."

Respondents contend further that the order of the trial judge denied respondent Baldine the powers granted by Section 4262, General Code, and left the village of Hubbard without immediate control of or power to suspend relator, such as given to city chiefs of police by Section 4379 *et seq.,* General Code, over such officers.

Counsel for relator takes the position that the issues in this case are:

"1. Whether or not the trial court erred in issuing

a writ of mandamus directing the mayor to file charges against the relator and for council of village of Hubbard to hear the same.

"2. Whether or not the trial court erred in ruling that the mayor of a village has no power to suspend a patrolman without first filing charges and council hearing the same."

The duties specifically enjoined upon respondent Baldine to file charges against relator, and respondent councilmen of the village of Hubbard to hear such charges, duties resulting from their respective offices, were imposed upon them by law. It appears that such duties were not discharged prior to relator's suspension nor prior to the order of the Court of Common Pleas.

Mandamus has been variously defined as a writ commanding a public board or official to perform an act which the law specifically enjoins as a duty resulting from an office, trust or station; a remedy to compel public officers, and private individuals, in matters relating to the public, to perform their public duties; a remedy to enforce the performance of an official act by a public officer; a proceeding to command the performance of an act which the law has specifically enjoined upon an individual or official board; a proceeding to compel an officer to act in accordance with required construction of a statute or show cause to the contrary; and a proceeding to compel the exercise of discretion but not to control it.

If a public officer or board refuses to perform a duty which is imposed upon him or it by law, as is respondents' duty in the case we review, a party who is entitled to have such duty performed, as is relator in the case we review, has no adequate remedy at the ordinary course of law unless there is some legal remedy other than mandamus, as there was not in such case to compel respondents to perform in effect

the specific act which the law requires them to perform. See *State, ex rel. Merydith Construction Co.*, v. *Dean, Aud.*, 95 Ohio St., 108, 116 N. E., 37.

By the action in mandamus relator did not seek to control the discretionary power of respondents, which can not be done by an action in mandamus. Rather he sought to compel them to exercise their discretionary power, and this they can be compelled to do by an action in mandamus.

Acting as he did, under the facts and the law applicable thereto, the trial judge did not err to respondents' prejudice in granting "an alternative writ of mandamus against respondents," as is urged in this appeal.

Now we come to dispose of respondents' contention that the trial judge erred to their prejudice "in ruling that the mayor of the village has no power to temporarily suspend a village policeman."

"The mayors of villages have only such jurisdiction, power and authority as is given them by the General Assembly of Ohio." *Ex Parte Joseph Rhein*, 26 N. P. (N. S.), 325, 327.

"The mayor of a municipality cannot suspend or remove another officer thereof in the absence of authority duly conferred by statute or ordinance for such purpose." 28 Ohio Jurisprudence, 324, Municipal Corporations, Section 190.

"Pending any of such proceedings [for removal of relator], such person may be suspended by a majority vote of all members elected to council, but such suspension shall not be for a longer period than fifteen days, unless the hearing of such charges is extended upon the application of the accused, and in such event the suspension shall not exceed a period of thirty days." Section 4265, General Code.

For appointment, preferment and hearing of charges, and removal of police officers and marshals

of villages see Sections 4263, 4264, 4265, 4384 and 4384-1, General Code.

In our opinion, respondent Baldine had no power to suspend relator when he did, and, therefore, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, J., concurs in opinion.
HURD, J., concurs in judgment.

HURD, J., of the Eighth Appellate District, sitting by designation in the Seventh Appellate District.