Matthias, J.
A secondary question which must be disposed of first is raised by respondents ’ first ground of demurrer, which questions whether the petition states a cause of action in favor of the relators or any other persons similarly situated. Basically this ground of demurrer is meant to question the standing of the relators to bring this action.
The first paragraph of the syllabus in the case of State, ex rel. Blackwell, a Taxpayer, v. Bachrach et al., City Council of Cincinnati, 166 Ohio St., 301, states:
“An action in mandamus where the relief sought is the enforcement of a public duty by a public officer or board, may be maintained by the relator, where he shows that he is a citizen and as such is interested in the execution of the laws.”
See, also, Brissel et al., County Commrs., v. State, ex rel. McCammon, 87 Ohio St., 154; State, ex rel., v. Henderson, 38 Ohio St., 644, 649; State, ex rel. Trauger, v. Nash, Governor, 66 Ohio St., 612.
It appears that the relators as taxpayers and electors have sufficient interest in the execution of the laws to maintain this action.
The primary question raised by this action is whether mandamus lies to compel a city council to comply with a mandatory charter provision requiring the council to periodically reapportion the voting districts of the city.
Section 2731.01, Revised Code, defines mandamus, as follows:
“Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.” See State, ex rel. Selected Properties, Inc., v. Gottfried, 163 Ohio St., 469.
The basic purpose of the writ of mandamus is to compel a public officer to perform the duties imposed upon him by law, and, even though such duties involve the use of discretion, a court, although it cannot control such discretion, may compel *405 the exercise of such discretion. State, ex rel. Masters, v. Beamer et al., Bd. of Edn., 109 Ohio St., 133; State, ex rel. City of Middletown, v. City Commission, 140 Ohio St., 368.
Bespondents contend, however, that in the present instance the failure to act by the city council is a legislative or political matter and is one in which the judiciary cannot interfere.
It has long been an established principle of law that courts do not interfere in political or legislative matters except in those instances where legislative enactments violate the basic law. In those instances where enactments violate the basic law, it was determined early in our judicial history that the courts have not only the power but the duty to declare such enactments invalid.
One of the basic functions of the courts under our system of separation of powers is to compel the other branches of government to conform to the basic law.
Thus, where a specific duty is imposed by law upon another branch of the government, the enforcement of such duty is just as much within judicial cognizance as holding invalid the performance of acts which violate the basic law. •
In other words, the judicial power to compel the performance of duties imposed upon public officers by the basic laws extends equally with the judicial power to determine invalid the enactments of legislative bodies which are violative of such basic law. Failure to act is as much subject to judicial control as improper actions.
The situation presently before us in no way relates to a dictation of political or legislative policy. Here we have a provision in a city charter which imposes a clear mandatory legal duty on the council to reapportion the voting districts of the city at stated intervals; This, council, even in the face of the charter mandate, has failed to do.
The subject of this action is one of which courts can take judicial cognizance. See Baker v. Carr (1962), 7 L. Ed. (2d), 663. And the power of this court to enforce such a mandatory duty has already been determined.
The case of State, ex rel. City of Middletown, v. City Commission, supra (140 Ohio St., 368), is one wherein this court in a mandamus action ordered a city commission to perform a duty imposed by a charter provision. In the opinion it is stated at page 376:
*406 “The Charter of the City of Middletown contains a provision that, upon presentation to the commission of a petition signed by ten per cent of the number of registered voters of the city within 30 days following the passage of an ordinance requesting ‘the repeal of the ordinance and its submission to a referendum * * * such ordinance shall thereupon be suspended from going into operation, and it shall be the duty of the city commission to reconsider such ordinance.’ It has not done so.
“The charter further provides that if, upon reconsideration, such ordinance is not repealed, the commission shall submit the ordinance to the electors of the city at a regular or special election. It is our opinion that these provisions of the charter are not inconsistent with the provisions of the Constitution and that both may be given effect.
“* * * Under the provisions of the city charter, it is the duty of the city commission to reconsider the ordinance. Upon such reconsideration, it is within its discretion to repeal such ordinance and abandon the project or submit it to the electors of the city. The court cannot control its discretion, but can require it to act — either to reconsider and repeal or go forward and provide for a referendum election.”
The provisions of the charter herein place no discretion or judgment in the city council as to whether such reapportionment shall be made. Under such circumstances, the city council is in no different position from any other public officer, and, if it fails to act, a court may by mandamus compel the performance of the duties imposed upon it by the charter. State, ex rel. Ammerman, v. Sprague, 117 Ohio St., 289, and State, ex rel. City of Middletown, v. City Commission, supra (140 Ohio St., 368).
Thus, where the charter of a city provides that councilmen of the city shall be elected by wards which shall be nearly equal in population and further provides that the city council shall redivide the city after each decennial federal census for that purpose, there is a mandatory duty upon city council to comply with the charter.
Relators pray that attorney fees be awarded to them for the prosecution of this action. Under the provisions of Section 733.61, Revised Code, the court may, when the relator is successful in his action, award attorney fees. This section is permis *407 sive and not mandatory, and, inasmuch as no fund has been created out of which attorney fees may be allowed, the prayer for attorney fees is denied. Grandle v. Rhodes, Aud., 169 Ohio St., 77.
The demurrer to the petition is overruled, and, the parties in the present action having agreed that the ruling on the demurrer will be dispositive of the issues herein, a writ of mandamus is allowed requiring the City Council of the City of Cleveland to redivide the city according to the charter provisions.

Demurrer overruled and writ allowed.

Zimmerman, Taet, Bell, Collier and O’Neill, JJ., concur.
Collier, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.