THE STATE, EX REL. BRAMBLETTE ET AL., *v.* YORDY, AUDITOR, ET AL.

[Cite as State, ex rel. Bramblette, v. Yordy (1970), 24 Ohio St. 2d 147.]

(No. 70-465—Decided December 23, 1970.)

148

*Messrs. Williams & Williams* and *Mr. Robert L. Williams*, for relators.

*Mr. Henry A. Masana*, for respondents.

LEACH, J. The basic issue presented here is whether a municipal corporation may, by charter, exempt ordinances providing for raising revenue from those subject to referendum.

Relators assert that such a provision is in conflict with Section 1*f* of Article II of the Ohio Constitution, which reads:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

A superficial examination of that section might lead to the conclusion that referendum may not be denied as to any municipal legislative action, the section reserving to the people such power on *"all questions* which such muni-

cipalities may * * * control by legislative action * * *." (Emphasis added.)

Such a conclusion, however, uniformly has been rejected by this court. *Shryock* v. *Zanesville* (1915), 92 Ohio St. 375; *Dillon* v. *Cleveland* (1927), 117 Ohio St. 258; *James* v. *Ketterer* (1932), 125 Ohio St. 165; *Dubyak* v. *Kovach* (1955), 164 Ohio St. 247.

Essentially, we have held that Section 1*f* of Article II (as contrasted to Section 1*d* of Article II) is not "self-executing"; that *either* the General Assembly, by the enactment of statutory "law," or the people of the municipality, by the adoption of charter "law" under the "home-rule" provisions of the Constitution, may exempt certain classes of laws from the operation of the referendum, if "the laws so to be exempted comply as to their character to the provisions of Section 1*d* of Article II" (*Shyrock, supra*, page 384); that charter provisions, if so adopted, will apply (*Dillon, supra*, paragraph three of the syllabus); R. C. 731.41[1]; and that where there are no charter provisions the exercise of such power is only as provided for by the General Assembly (*Dubyak, supra*, paragraph one of the syllabus).

Our decision in *Shryock* was made within less than three years of the adoption of the constitutional provisions there interpreted. It specifically upheld the constitutionality of statutory exemption of emergency legislation from referendum.

Such a statutory provision, now R. C. 731.30, specifically exempts three classes of ordinances from the operation of the referendum: (1) Those providing for appropriation for current expense, (2) those providing for street improvements petitioned for by the owners of a majority of the front feet of the property benefited and to be especially assessed for the cost thereof, and (3) emergency ordinances necessary for the immediate preservation of the

[1] R. C. 731.41:

"Sections 731.28 to 731.41, inclusive, of the Revised Code do not apply to any municipal corporation which adopts its own charter containing an initiative and referendum provision for its own ordinances and other legislative measures."

public peace, health or safety. That statute provides also that whenever the legislative authority is required to pass more than one ordinance or measure to complete the legislation necessary to make and pay for any public improvement, only the first ordinance or other measure required to be passed is subject to referendum.[2]

Section 1d of Article II of the Ohio Constitution specifically exempts from referendum three classes of laws: (1) those providing for tax levies, (2) appropriations for current expenses of the state government and state institutions, and (3) emergency laws necessary for the immediate preservation of the public peace, health or safety.

It will be observed that, although Section 1d of Article II exempts state laws levying taxes from the referendum, R. C. 731.30 contains no comparable provision as to municipal ordinances. Although it would clearly appear that, by the application of the rationale heretofore referred to, the General Assembly constitutionally could have so provided, it has not done so.

In providing for referendum, however, a municipal charter is not restricted to the adoption of the same provisions enacted by the General Assembly. It may be less restrictive as to use of the referendum, as was the Charter of the city of Toledo which authorized referendum on all ordinances, including one levying a tax passed as an emergency measure. *State, ex rel. Snyder,* v. *Bd. of Elections* (1946), 78 Ohio App. 194. It may be more restrictive, as in *Dillon* v. *Cleveland, supra* (117 Ohio St. 258), where a referendum would have been required under state law, but was not required under the provisions of the Charter of the city of Cleveland.

Section 3.03 of the Charter of the village of Oxford,

---

[2]In *Schick* v. *Cincinnati* (1927), 116 Ohio St. 16, it was claimed that this limiting of the right of referendum to the first measure of a series and denying the same as to subsequent legislation was in conflict with the referendum provisions of Section 1f, Article II, Ohio Constitution, but the court concluded therein that the question was "purely a moot one." By applying the provisions of the statute (then G. C. 4227-3) prohibiting referendum except as to "the first measure," its constitutional validity necessarily was upheld in *James* v. *Ketterer, supra* (125 Ohio St. 165).

like R. C. 731.30, exempts from the operation of the referendum ordinances (1) providing for appropriation for current expenses, and (2) where an emergency is declared to exist. R. C. 731.30 exempts ordinances providing for "street improvements" petitioned for by the owners of a majority of the front feet of the property benefited, and Section 3.03 of the Charter contains a similar provision as to "public improvements." However, unlike R. C. 731.30, this section of the charter also exempts (4) ordinances providing for "raising revenue."

As applied to an ordinance levying a municipal income tax, is such a charter provision constitutional? The test to be applied under *Shyrock* is whether the exemption from referendum, so provided, complies as to "character" to the exemption contained in Section 1*d* of Article II as to "tax levies." We conclude that it does, and is, therefore, constitutional.

Thus, we hold that a provision of a charter of a municipal corporation that ordinances providing "for raising revenue * * * shall not be subject to referendum" is constitutional as applied to an ordinance levying a municipal income tax, and where such a charter provision exists, there is no duty on the part of municipal officers to certify such income tax ordinance to a board of elections for referendum vote.

Relator contends also that, since Section 3.05 of the Charter of Oxford provides that the initiative and referendum powers "shall be exercised in the manner provided by general law under Sections 731.28 to 731.40 of the Revised Code, in effect October 18, 1960" (with certain stated exceptions not relevant here), any provision of Section 3.03 of the Charter which is in conflict with those sections of the Revised Code must fail. Reading Section 3.03 of the Charter *in pari materia* with Section 3.05, that contention is rejected.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN and STERN, JJ., concur.