Allen, J.
 

 The principal question raised by the record involves the problem of the right to referendum upon Ordinance No. 893, the second bond issue ordinance, under Sections 4, 5, 8, and 12, Article XVIII, of the Ohio Constitution. These sections, in their material portions, read as follows:
 

 Section 4: “Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service. * * *
 
 ”
 

 Section 5: “Any municipality proceeding to acquire, construct, own, lease or operate a public utility, or to contract with any person- or company therefor, shall act by ordinance and no such ordi
 
 *215
 
 nance shall take effect until after thirty days from its passage. If within said thirty days a petition signed by ten per centum of the electors of the municipality shall be filed with the executive authority thereof demanding a referendum on such ordinance it shall not take effect until submitted to the elector^ and approved by a majority of those voting thereon. The submission of any such question shall be governed by all the provisions of Section 8 of this Article as to the submission of the question of choosing a charter commission.”
 

 Section 8: “ The legislative authority of any city or village may by a two-thirds vote of its members, and upon petition of ten per centum of the electors shall forthwith provide by ordinance for the submission to the electors, of the question, ‘Shall a commission be chosen to frame a charter.’ The ordinance providing for the submission of such question shall require that it be submitted to the electors at the next regular municipal election if one shall occur not less than sixty nor more than one hundred and twenty days after its passage; otherwise it shall provide for the submission of the question at a special election to be called and held within the time aforesaid. The ballot containing such question shall bear no party designation, and provision shall be made thereon for the election from the municipality at large of fifteen electors who shall constitute a commission to frame a charter; provided that a majority of the electors voting on such. question shall have voted in the affirmative. Any charter so framed shall be submitted to the electors of the municipality at an election to be held at a time fixed by the charter commission and within one year from the date
 
 *216
 
 of its election, provision for which, shall be made by the legislative authority of the municipality in so far as not prescribed by general law. Not less than thirty days prior to such election the clerk of the municipality shall mail a copy of the proposed charter to each elector whose name appears upon the poll or registration books of the last regular or general election held therein. If such proposed charter is approved by a majority of the electors voting thereon, it shall become the charter of such municipality at the time fixed therein. ’ ’
 

 Section 12: “Any municipality which acquires, constructs or extends any public utility and desires to raise money for such purposes may issue mortgage bonds thqrefor beyond the general limit of bonded indebtedness prescribed by law; provided that such mortgage bonds issued beyond the general limit of bonded indebtedness prescribed by law shall not impose any liability upon such municipality but shall be secured only upon the property and revenues of such public utility, including a franchise stating the terms upon which, in case of foreclosure, the purchaser may operate the same; which franchise shall in no case extend for a longer period than twenty years from the date of the sale of such utility and franchise on foreclosure.”
 

 The contention of the respondents is that under these constitutional sections, no right is given to hold a referendum upon this particular ordinance. It is conceded by the respondents that the general initiative and referendum provision of the Constitution (Section 1-f,'Article II), and the statute enacted in pursuance thereof (Sections 4227-1 to 4227-12, General Code), cannot avail here because of the
 
 *217
 
 fact that Section 4227-3 expressly provides that there shall be no referendum except upon the initial ordinance.- (In this case Ordinance No. 873, the' initial ordinance, has already been approved in a referendum.)
 

 As is evident, Sections 4 and 5, Article XVIII, specifically provide for the acquirement, construction, ownership, lease and operation by a munici-pality of a public utility, and for action upon such question by ordinance, and for referendum upon such ordinance. Ordinance No. 873, passed by the council of the city of Defiance, declared it to be the purpose of the municipality to construct a municipal electric light plant, pursuant to Sections 4 and 5, Article XVIII, and to raise money by the issuance of mortgage bonds. Section 4, Article XVIII,definitely applies to- the case of construction of a public utility by a municipality, and hence this constitutional provision directly controls and governs the disposition of the problem presented here. Hence, if this constitutional provision provides for a referendum upon a subsequent ordinance, passed in furtherance of the construction by a municipality of a public utility, as well as upon the initial ordinance, the demurrer upon the ground of the insufficiency of the petition must be overruled.
 

 May a constitutional referendum under Sections 4 and. 5, Article XVIII, be had only upon the initial ordinance?
 

 Respondents claim that such a provision must be read into the constitutional measure because of the fact, apparently, that the word “ordinance” is used in the singular. With this contention we do not agree. No decisions exactly in point have- been cited
 
 *218
 
 upon this proposition.
 
 Heffner
 
 v.
 
 Krinn,
 
 98 Ohio St., 1, 120 N. E., 221, deals with the statutory requirement arising under Section 4227-1, G-eneral Code, and has no application here. However, case authority is not necessary. The wording of the Constitution itself compels our conclusion. Section 5, Article XVIII, states that “Any municipality proceeding to acquire, construct * * * a public utility, * * * shall act by ordinance and no such ordinance shall take effect until after thirty days from its passage.”
 

 Now the phrase “proceeding to acquire, construct * * *■ a public utility,” is to be interpreted in its ordinary sense. The word “proceed” means to commence and carry on; to conduct; to begin and carry on. 6 Words and Phrases, First Series, 5831. The word “construct” means to build. Obviously a city which is about to build a public utility cannot complete the construction in one step or transaction. There will be a number of separate and distinct transactions before the public utility can be finally constructed. Furthermore, many of these distinct transactions will require distinct and separate ordinances to authorize them. Thus in this instance the council has first enacted an ordinance- declaring its purpose to construct a municipal light plant, and to raise the money by the issuance of mortgage bonds. Next the council has enacted an ordinance providing for the issuance of mortgage bonds and for the franchise. Other ordinances will doubtless be enacted dealing with the sale of the bonds and the use of the money so secured in the furtherance of the construction of the plant proposed.
 

 The irresistible conclusion is that, when the Con
 
 *219
 
 stitution provides that a municipality, proceeding to construct a public utility, shall act by ordinance, it means that each main step essential to the construction must be authorized by ordinance. Then, when the Constitution provides that no
 
 such
 
 ordinance shall take effect until 30 days after its passage, and provides for a referendum, obviously it intends that any one of the ordinances enacted in furtherance of the construction of the plant may be subjected to a referendum. The second bond issue ordinance, No. 893, providing for the method of financing the construction, of the utility, for the franchise and rates of operation, is enacted in furtherance of such construction; hence it is subject to referendum under the Constitution.
 

 We hold, therefore, that the constitutional referendum is available in this action,, and is the only method of referendum available.
 

 The only other question raised by the respondents is that the referendum petition was not filed in accordance with the constitutional requirements of Section 5, Article XVIII. They urge that, after the petition had been filed with the city auditor of Defiance, it was placed in the hands of the mayor, who transmitted it to the council with request that the council take action thereon. It is conceded that the petition was signed by 10 per centum of the electors of the municipality, and that it actually came into the hands of the executive authority within 30 days after the passage of the ordinance, as required by Section 5, Article XVIII, of the Constitution, but respondents claim that, inasmuch as the petition was first filed with the city auditor, there was a filing, if any, under the statute (Sections 4227-1 to 4227-12,
 
 *220
 
 General Code), and not under the Constitution. With this contention we do not agree. A referendum petition was addressed to the mayor and it was actually placed in the custody of the mayor; in ot^er words, it was delivered to the proper officer and received by him to be kept on file. This constitutes a filing. The Constitution does not prescribe any particular method of filing, nor does it require that any particular person shall place the petition in the hands of the executive authority. The filing with the auditor was of no avail, because no referendum could be had upon this particular ordinance under the statute, but it could not destroy the effect of the filing with the mayor, so far as referendum under the Constitution was concerned. Since Section 8, Article XVIII, of the Constitution, provides that the legislative authority of any city or village, “upon petition of ten per centum ,of the electors shall forthwith, provide by ordinance for the submission to the electors, of the question,” the relators have established a clear legal right to the issuance of the writ.
 

 Writ allowed.
 

 Marshall, C. J., Day, Kinkade and Robinson, JJ., concur.
 

 Jones and Matthias, JJ., dissent.