*187
 
 Marshall, C. J.
 

 This is an original suit in this court in mandamus to compel the authorities of the city of Canton, Ohio, to submit an ordinance adopted by the council of said city to a referendum of the people. The general purport of the ordinance is that the executive officers of the city be authorized and empowered to purchase a certain described parcel of land as a site for a municipal airport. It is admitted that the council of the city had previously adopted an ordinance providing for an issue of bonds to provide funds “for a landing field for aircraft. ” It is therefore urged by defendants that the ordinance now sought to be submitted to a referendum is not the initial legislation on that subject, and that it is therefore not subject to a referendum under the statute. It is contended by relator that the establishment of a landing field for aircraft is the establishment of a public utility, and that therefore every ordinance pertaining to that subject is subject to a referendum under Section 8 of Article XVIII of the Ohio Constitution.
 

 Section 3939, General Code, gives authority to municipalities “for purchasing or condemning land necessary for landing fields, either within or without the limits of a municipality, for air crafts and transportation terminals and uses associated therewith or incident thereto, and the right of way for connections with highways, electric, steam and interurban railroads and improving and equipping the same with structures necessary or appropriate for such purposes. ” Manifestly no argument is necessary to show that a landing field for aircraft is a public utility. If it were not a public utility, the Legislature would have no power to make provision for
 
 *188
 
 purchase and condemnation of lands for such purposes. It being a public utility, the question of the right to a referendum has already been settled by this court in
 
 State, ex rel. Diehl, Jr.,
 
 v.
 
 Abele,
 
 119 Ohio St., 210, 162 N. E., 807, decided June 20, 1928. Upon the authority of that case, the writ of mandamus will be allowed.
 

 Writ allowed.
 

 Kinkade, Robinson, Day and Allen, JJ., concur.
 

 Jones and Matthias, JJ., concur in the syllabus, but dissent from the judgment.