By the Court.
 

 These three proceedings in mandamus were lodged in this court by relator after due demand was made upon him to institute the same as legal counsel for the village of Newton Falls. Issues
 
 *2
 
 were made by separate petitions, answers and replies, all questions of fact were embraced in an agreed statement of facts, and the cases were consolidated and heard together upon the prayer of the petitions to compel a referendum on the four ordinances to which reference is hereinafter made.
 

 The following pertinent facts are contained in the. agreed statement of facts:
 

 The respondents are the president and members of the Council of the village of Newton Falls, which does not own or operate an electric utility, but electric service is furnished to the village and its inhabitants by a private corporation whose contract has expired.
 

 On June 2, 1936, by Ordinance No. 797, council determined it to be necessary to construct, erect, own and operate a municipal electric light plant and power system, authorized the mayor and clerk to employ an engineering company to prepare plans and specifications therefor, and appropriated money for that purpose.
 

 On June 29, 1936, there was filed with the mayor of the village a referendum petition signed by 169 electors of the village, which number was more than ten per cent, of the. votes cast at the preceding general municipal election.
 

 On July 2, 1936, the council repealed Ordinance No. 797, and enacted Ordinance No. 803, authorizing the mayor, clerk and board of trustees of .public affairs to employ an engineering company to prepare plans and specifications for a municipal electric light plant and power system, and appropriated money therefor. Ordinance No. 803 was passed as an emergency measure.
 

 On July 31, 1936, there was filed with the mayor a referendum petition containing the signatures of 208 electors of the village, which number was more than the required ten per cent.
 

 On July 31,1936, at a special meeting, council passed
 
 *3
 
 Ordinance
 
 No.
 
 806, determining the necessity to construct, erect, own and operate a municipal electric light plant and power system, and authorizing the board of trustees of public affairs to advertise for bids.
 

 At the same meeting council passed Ordinance No. 807, authorizing the issuance and sale of bonds under Section 12, Article XVIII of the Constitution of Ohio, in the amount of $180,000 to finance the aforementioned public utility.
 

 On August 4, 1936, due demand was made upon council to submit Ordinances Nos. 797 and 803 to referendum.
 

 Thereafter there was filed with the mayor and clerk of the village a petition withdrawing the signatures of 116 electors who had been among the 169 signers for a referendum upon Ordinance No. 797. , Likewise there was filed a withdrawal petition containing the signatures of 154 electors who were among the 208 signers for a referendum upon Ordinance No. 803.
 

 On Saturday, August 29, 1936, a referendum petition on Ordinance No. 806, signed by 139 electors, was filed with the mayor of the village, and on the same day a referendum petition on Ordinance No. 807, signed by 137 electors, was filed with the mayor.
 

 At the regular meeting on Monday, September 1, 1936, withdrawal petitions containing the names of 61 signers to the referendum petition on Ordinance No. 806 having been filed, council unanimously voted not to submit that ordinance to the electors because of the withdrawal of 61 valid signatures and two signers not being qualified, leaving only 76 valid signatures remaining on the referendum petition. At the same meeting council determined not to submit Ordinance No, 807 to the electors, 61 valid withdrawals having been made from the referendum petition on that ordinance and two signers to the referendum petition being disqualified, leaving only 74 valid signatures re
 
 *4
 
 maining, which was less than the required ten per cent.
 

 This court held in the
 
 per curiam
 
 opinion in
 
 State, ex rel. Kahle,
 
 v.
 
 Rupert, Auditor,
 
 99 Ohio St., 17, 122 N. E., 39, that an elector signing a petition invoking either official or judicial action has a right to withdraw his name before action has been taken thereon.' The signers to the referendum petition, therefore, had the right to withdraw their signatures therefrom, and therefore council did not have before it a referendum petition bearing the signatures of ten per cent, of the electors of the village. Such being the situation with reference to all the referendum petitions, no duty was specifically enjoined upon council to submit any of the ordinances to referendum, and therefore mandamus will not lie in any of these cases now before this court.
 

 We therefore do not reach the question as to which one of the three subsequent ordinances is subject to referendum under the rule announced in
 
 State, ex rel. Didelius,
 
 v.
 
 Commission of Sandusky,
 
 131 Ohio St., 356, 2 N. E. (2d), 862.
 

 Writs demed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.