## STATE ex SHELL v ABBOTT et

Ohio Appeals, 6th Dist, Sandusky Co

Decided Oct 26, 1936

Harry E. Garn, Fremont, for appellant.
Bracy & Young, Fremont, for appellees.

### OPINION

By OVERMYER, J.

This is an action in mandamus brought in Common Pleas Court by the state of Ohio on the relation of Howard S. Shell, a taxpayer of the village of Clyde, Ohio, against the village council, to compel it to enact an ordinance requiring the submission of a referendum to the voters of the village for their approval or rejection. The ordinance is known as "Ordinance No. 605" of that village. A copy of Ordinance No. 605 is attached to the petition and provides for the "altering, repairing, improving, enlarging and extending" of the "municipal electric light plant of the village of Clyde, Ohio."

The petition alleges that the real purpose and object of the ordinance is not to extend, repair and enlarge the existing municipal electric light plant of the village but is designed and intended to authorize the reconstruction of the electric plant by replacing old equipment with new. It is further alleged that within thirty days after the ordinance was enacted and before it became effective, a petition signed by more than ten per cent of the qualified electors of the village was filed with the mayor as chief executive officer thereof, in accordance with the provisions of §§4, 5 and 8 of Article XVIII of the Constitution; that the mayor requested the council to enact an ordinance for the submission of the ordinance to referendum, but that the council declined and refused to do so. The relator prays that a writ of mandamus issue requiring the council to proceed in the matter as provided by §§4, 5 and 8, of Article XVIII of the Constitution, to which reference is made above.

The respondents, the village council, demurred to the petition on the ground that it did not state a cause of action. The reason given was that the relator was attempting to proceed under §§4, 5 and 8, of Article XVIII of the Constitution of Ohio, and that the petition for referendum had been filed with the mayor, whereas the relator should have proceeded under §4227-2 et seq., GC, and filed the petition as therein provided with the village clerk, and that therefore no valid legal petition is on file asking for a referendum and that any proceedings taken would therefore be void and a nullity. The Common Pleas Court sustained the demurrer and the relator prosecutes this appeal on questions of law.

The judgment entered by the trial court is as follows: "Demurrer sustained, for the reason that the referendum petition should have been filed with the clerk according to the provisions of the General Code applicable to alteration and repair of existing

municipal light plants, and for the further reason that mandamus is not the proper remedy to prevent a village council from erecting a new plant under an ordinance providing for repair."

We have carefully considered the question here presented and our conclusion is that the trial court was correct in its ruling. Shryock v City of Zanesville, 92 Oh St 375, 110 NE 937; State ex Nicholl, a Taxpayer v Miller, Clerk, 127 Oh St 103, 187 NE 75; State ex Didelius, City Solicitor v City Comm. of Sandusky, 131 Oh St 356, 2 NE (2d) 862 (overruling State ex Diehl, Jr. v Abele, 119 Oh St 210, 162 NE 807).

The petition concedes that the village of Clyde now owns and operates an existing electric light plant, and that the ordinance in its purpose clause sets forth the object of the legislation, viz., "the alteration, repairing, improvement, enlarging and extending" of the plant. It is clear under the foregoing authorities that proceedings for a referendum on legislation for the construction, acquisition or leasing of a new utility must be taken under the constitutional provisions above referred to, while proceedings for a referendum on legislation for the repair or extension of an existing utility must be taken under the statute referred to above.

The petitioners sought to employ a remedy provided by law but pursued the wrong course, and the petition was not filed with the proper village authority. There is, therefore, no legal petition pending for a referendum on the ordinance.

The judgment of the lower court in sustaining the demurrer to the petition must be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.