THE STATE, EX REL. WINGERTER, *v.* CITY COUNCIL OF CITY OF CANTON.

[Cite as State, ex rel. Wingerter, v. City Council, 7 Ohio St. 2d 26.]

(No. 39541—Decided June 22, 1966.)

Mr. *Lewis M. Roraback*, for relator.
Mr. *Harold E. Dehoff*, city solicitor, for respondent.

*Per Curiam.* It is respondent's position that the ordinance approved is only preliminary in nature, that it is not the initial ordinance and thus is not subject to referendum under Section 5 of Article XVIII. It cites in support of this position *City of Middletown* v. *City Commission of Middletown*, 138 Ohio St. 596, and *State, ex rel. Didelius, City Solr.*, v. *City Comm. of Sandusky*, 131 Ohio St. 356.

The ordinance in question approved plans, together with a cost estimate and a financing plan for the procurement of land and the necessary funds to carry out the urban renewal project, including public utilities.

This would appear to be the initial ordinance which would be subject to referendum.

However, relator has a fundamental weakness in his case. Mandamus will issue only where there is a clear legal duty. For a legal duty to exist to submit an ordinance to a referendum under the provisions of Section 5 of Article XVIII, it must appear from the petition that the ordinance relates to a public utility within the meaning of Section 4 of Article XVIII. The mere declaration by a city council that a project is a public utility does not make it so.

The ordinance in question in the present action is one for an urban renewal project which is clearly not a public utility. It is true that the acquisition or construction of public utilities in general is a part of the plan but it is not the primary purpose thereof, it is merely a part of and incidental to the execution of the plan. Section 5 of Article XVIII relates solely to the acquisition of public utilities; it is not a general referendum section.

Thus, where the primary purpose of an ordinance is urban renewal, a nonutility project, such ordinance is not subject to referendum under the referendum provisions relating solely to public utilities merely because the acquisition of the utilities constitutes an incidental part thereof.

Second, the ordinance relates to and the petition alleges only in general terms the acquisition of public utilities in the execution of the plan. Section 5 of Article XVIII relates to the acquisition of a specific public utility. Nowhere in the ordinance or the petition does it appear that any specific public utility is sought to be acquired.

The petition fails to show any facts which would require this ordinance to be submitted to referendum under the provisions of Section 5 of Article XVIII; thus, it alleges no clear legal duty of respondent.

The demurrer to the amended petition is sustained, and the writ of mandamus is denied.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.