LAGO et al.

v.

CITY OF WASHINGTON et al.

[Cite as *Lago v. Washington* (1993), 89 Ohio App.3d 20.]

Court of Appeals of Ohio,
Fayette County.

No. CA93–07–001.

Decided June 1, 1993.

*Junk & Junk* and *William T. Junk; Squire, Sanders & Dempsey, C. Craig Woods* and *Scott B. Pfahl,* for relators.

*Bricker & Eckler, Elbert J. Kram, Richard L. Simpson* and *Drew H. Campbell,* for respondents.

---

*Per Curiam.*

This cause came on to be considered upon (1) a verified complaint in mandamus filed on January 21, 1993 by relators, John S. Lago, Dennis J. Schneider, and Mary D. Burbage, against respondents, the city of Washington; Hon. R. Mark Rohr, city manager; Gordon E. Davis, Chairman of the Washington City Council; Carmen A. Frogale, Vice–Chairman of the Washington City Council; city council members Thomas Mark, Daniel L. Stahl, Peg R. Steiger, Richard P. Kimmet, and William L. Rogers; John I. Stackhouse, clerk of council; and Robert L. Hammond, city law director; (2) a joint answer of respondents filed on February 18, 1993; (3) respondents' motion for summary judgment filed on February 25, 1993; (4) relators' motion for summary judgment filed on March 15, 1993; (5) respondents' memorandum in opposition to relators' cross-motion for summary judgment filed on March 29, 1993; and (6) relators' reply brief in support of their motion for summary judgment and in opposition to respondents' cross-motion filed on April 12, 1993.

On November 12, 1992, the Council of the city of Washington, Fayette County, Ohio, passed Resolution No. R53–92, which provides in pertinent part:

"*SECTION 1.* The City of Washington hereby appropriates all right, title, and interest in the physical properties and assets, including both real and personal property, of the Ohio Water Service Company's Washington Court House District, whether owned or leased and whether within or without the corporate limits of the City, which are necessary to permit the City to operate the Washington Court House District water system. * * *

"*SECTION 2.* This appropriation is necessary for the public purpose of supplying water to the City and its inhabitants at reasonable rates and assuring that the development of the City is consistent with the City's overall growth and development plans.

" * * * *

"*SECTION 5.* The Director of Law and * * * special counsel for the City, are hereby directed to file a complaint for appropriation in a court of competent jurisdiction and to have a jury empaneled to inquire into and assess the compensation to be paid for the property."

On November 25, 1992, relators delivered a proposed referendum petition on Resolution No. R53–92 to the Washington City Auditor. Thereafter, relators obtained signatures on the petition and subsequently submitted to the city auditor a petition containing signatures of more than ten percent of the city's registered voters. On December 21, 1992, the city auditor certified the petition to the Fayette County Board of Elections, which verified and certified the petition on December 30, 1992. On January 13, 1993, the Washington City Council approved a motion that no further action be taken regarding the referendum petition.

On January 21, 1993, relators filed a verified complaint in mandamus in this court against respondents. Relators request that this court issue a peremptory writ of mandamus directing respondents to pass appropriate legislation authorizing a referendum on Resolution No. R53–92. Relators claim that they are entitled to the requested relief pursuant to Section 5, Article XVIII, Ohio Constitution, and that they have no adequate remedy at law. Both parties have filed motions for summary judgment and memoranda in opposition to each motion.

Section 5, Article XVIII, Ohio Constitution, requires that "[a]ny municipality proceeding to acquire, * * * own, * * * or operate a public utility * * * shall act by ordinance and no such ordinance shall take effect until after thirty days from its passage. If within said thirty days a petition signed by ten per centum of the electors of the municipality shall be filed * * * demanding a

referendum on such ordinance it shall not take effect until submitted to the electors and approved by a majority of those voting thereon."

Relators contend that this provision imposes a duty upon respondents to take the steps necessary to bring Resolution No. R53–92 before the voters in a referendum and that the voters are entitled to such referendum, since relators have filed petitions bearing the signatures of ten percent of the city's registered voters.

Construing this constitutional provision, the Supreme Court of Ohio has held that "[t]he municipal ordinance subject to referendum within the contemplation of Section 5, Article XVIII of the Constitution of Ohio, is one which not only declares the necessity for the acquisition or construction of a public utility, but includes or is accompanied by some comprehensible statement of the general plan for financing the project." *Middletown v. City Comm. of Middletown* (1941), 138 Ohio St. 596, 21 O.O. 481, 37 N.E.2d 609, paragraph two of the syllabus.

Such an ordinance is frequently referred to as an "initial ordinance." See *State ex rel. Wingerter v. Canton City Council* (1966), 7 Ohio St.2d 26, 27, 36 O.O.2d 15, 15, 218 N.E.2d 183, 184; *Middletown, supra,* 138 Ohio St. at 605, 21 O.O. at 484, 37 N.E.2d at 614; *State ex rel. Didelius v. City Comm. of Sandusky* (1936), 131 Ohio St. 356, 6 O.O. 64, 2 N.E.2d 862, syllabus; *State ex rel. Foltz v. Miller* (C.P.1992), 62 Ohio Misc.2d 492, 601 N.E.2d 681.

Although Resolution No. R53–92 declares the necessity for the appropriation of Ohio Water in Section 2, it fails to set forth any "comprehensible statement of the general plan for financing the project." *Middletown, supra,* at paragraph two of the syllabus. Thus, we must conclude that Resolution No. R53–92 is not an initial ordinance subject to referendum under Section 5, Article XVIII, Ohio Constitution.

■ In a mandamus action, relators must establish that (1) they have a clear legal right to the requested relief, (2) that the respondents are under a clear legal duty to perform the requested act, and (3) that there is no plain and adequate remedy in the ordinary course of law. *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 34, 564 N.E.2d 86, 87. Relators are not entitled to a writ of mandamus unless they demonstrate all three criteria. In this case, relators cannot show that they have a clear legal right to a referendum on Resolution No. R53–92 pursuant to Section 5, Article XVIII, Ohio Constitution, nor can they show that respondents have a duty under Section 5 to authorize such a referendum. Simply stated, Section 5 does not require or permit a referendum on Resolution No. R53–92 because it is not an initial ordinance. *Middletown, supra.* Accordingly, we grant respondents' motion for summary judgment and dismiss relators' complaint.

In their motions for summary judgment, the parties debate whether Ordinance No. 9–91, a previous enactment of the Washington City Council, which was approved by voters in a November 1991 referendum, was an initial ordinance subject to referendum under Section 5. The only question presently before us is whether relators are entitled to a writ of mandamus ordering respondents to authorize a referendum on Resolution No. R53–92, and, therefore, we decline to address in this decision whether Ordinance No. 9–91 was properly subject to referendum.

For the foregoing reasons, respondents' motion for summary judgment is granted, relators' motion for summary judgment is denied, and relators' request for a writ of mandamus is denied.

Costs to be paid by relators.

*Judgment accordingly.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.